WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
WILLIAM M. HUMPHRIES, WASHINGTON STATE BAR NO. 44452
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 E. PARK BLVD., SUITE 600
BOISE, IDAHO  83712
TELEPHONE: (208) 334-1211
FAX NO: (208) 334-1414
EMAIL: bill.humphries@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:11-mc-07156-EJL |
| | ) | |
| Plaintiff, | ) | **RESPONSE TO ERIC WILSON'S** |
| | ) | **REQUEST FOR HEARING AND** |
| v. | ) | **CLAIM FOR EXEMPTIONS** |
| | ) | |
| ERIC WILSON, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| APRIORI LLC, | ) | |
| | ) | |
| Garnishee. | ) | |

COMES NOW the United States of America and responds to Eric Wilson's ("Defendant") Request for Hearing and Claim for Exemptions (ECF No. 16).  Defendant's Request for Hearing and Claim for Exemptions should be denied.  The United States should be allowed to continue collection, and specifically through the Writ of Continuing Garnishment

RESPONSE TO ERIC WILSON'S REQUEST FOR HEARING AND CLAIM FOR
EXEMPTIONS - 1

(ECF No. 15). The United States has complied with 28 U.S.C. §§ 3202 and 3205, and the underlying debt has not been discharged in bankruptcy pursuant to 11 U.S.C. § 523(a)(7).

## FACTUAL BACKGROUND

The People of the State of California, the State of Indiana, and the United States of America brought a civil action against Defendant Eric Wilson and others in the United States District Court for the District of Southern California for violating the Telephone Consumer Protection Act, its implementing regulations, and California Business and Professions Code §§ 17200 and 17500. The case name and number is *People of the State of California et al., v. Fax.com, Inc., et al.*, Case No. 03 CV-1438 (S.D. Cal.). The Complaint of the United States of America alleged, among other things, that Defendant violated 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(3) and thus Defendant was liable under 47 U.S.C. § 503(b) for a forfeiture penalty. Complaint, Case No. 03 CV-1438 (S.D. Cal.), ECF No. 74.

Defendant filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Idaho in March 2005, Case No. 05-00972-TLM. On August 15, 2005, the Bankruptcy Court entered an order lifting the stay (with exception to collection during the bankruptcy case), which allowed the case at issue, case no. 03 CV-1438, to continue. ECF No. 6-1. On February 27, 2007, the Bankruptcy Court entered a Discharge of Debtor pursuant to 11 U.S.C. § 727. ECF No. 6-2.

On June 28, 2006, the United States District Court for the District of Southern California entered a Final Judgment and Permanent Injunction as to Defendants Kevin Katz and Eric Wilson ("Final Judgment"). ECF Nos. 1 and 12-1. Defendant stipulated and consented to the entry of the Final Judgment. *Id.* In the Final Judgment, the United States District Court for the District of Southern California "ORDERED, ADJUDGED, and DECREED" that

> 6. Defendants Kevin Katz and Eric Wilson are jointly and severally liable: (a) <u>to the United States in the amount of $5,379,000 pursuant to 47 U.S.C. § 503(b)</u>; (b) to the People of the State of California in the amount of $8,000,000 pursuant to California Business and Professions Code § 17206 and/or 47 U.S.C. § 227(f)(1); and (c) to the State of Indiana in the amount of $1,250,000 pursuant to 47 U.S.C. § 227(f)(1) ....

ECF No. 1, p. 9 (emphasis added).

In 2011 the U.S. Attorney's Office for the Southern District of California requested assistance from the U.S. Attorney's Office for the District of Idaho regarding collection of the Final Judgment in favor of the United States in the amount of $5,379,000. The U.S. Attorney's Office for the Southern District of California requested a debtor exam in Idaho because Defendant lived in Idaho.

The U.S. Attorney's Office for the District of Idaho registered the Final Judgment with the U.S. District Court for the District of Idaho on October 7, 2011. ECF No. 1. On October 13, 2011, the U.S. Attorney's Office for the District of Idaho filed a Notice of Judgment Debtor Exam. ECF No. 3. The notice required Defendant to attend an oral examination on November 1, 2011, before U.S. Magistrate Judge Candy W. Dale in the federal courthouse in Boise, Idaho. *Id.* Defendant objected to the debtor examination. ECF No. 4. In a letter dated October 25, 2011 and sent to the Court, Defendant objected to the debtor examination on the grounds that the debt due under the Final Judgment was discharged in Defendant's 2007 bankruptcy discharge. *Id.* Defendant asserted that the United States could not contact him any longer because of the discharge. *Id.* Defendant attached to his letter the bankruptcy petition and the order granting him a discharge pursuant to 11 U.S.C. § 727. *Id.* The Bankruptcy Court's order has a generic explanation of the discharge explaining that some debts are not discharged. *Id.* The order lists examples of debts not discharged. *Id.* One example is "[d]ebts for most fines, penalties,

forfeitures, or criminal restitution obligations, and is not compensation for actual pecuniary loss." *Id.*

The United States responded to Defendant's objection to the debtor examination. ECF No. 6. The United States argued that the debt created by the Final Judgment is excepted from the bankruptcy discharge pursuant to 11 U.S.C. §§ 727(b) and 523(a)(7) because the debt is a forfeiture or penalty pursuant to 47 U.S.C. § 503(b). *Id.* Defendant appeared at the debtor examination. ECF Docket Minute Entry 7. The Court's minute entry states that the "Court and parties discussed Debtor's Motion/Request to Vacate Judgment Debtor Exam. Court denied Debtor's request and will allow Debtor Exam to be conducted. Oral Ruling as stated on the record." *Id.*

In March 2016, the U.S. Attorney's Office for the Southern District of California filed an application for a writ of garnishment in its U.S. District Court and obtained a writ of garnishment. Defendant requested a hearing in Idaho, his state of residence. Therefore, the U.S. Attorney's Office for the Southern District of California transferred the enforcement of the Final Judgment to the U.S. Attorney's Office for the District of Idaho. In order to start the garnishment process in Idaho, the U.S. Attorney's Office for the District of Idaho moved this Court to reopen the case. ECF No. 12. The Court reopened the case. ECF No. 13. The United States then filed an application for a writ of continuing garnishment with this Court to begin the garnishment process in Idaho. ECF No. 14. On December 9, 2016, the Court granted the application and issued a Writ of Continuing Garnishment. ECF No. 15. On January 12, 2017, Defendant filed his Request for Hearing and Claim for Exemptions. ECF No. 16.

In Defendant's Request for Hearing and Claim for Exemptions, Defendant asserts that he does not owe money to the United States because the debt was discharged in his bankruptcy. ECF No. 16.  Defendant also asserts not to be working for the garnishee, Apriori LLC.  *Id.*

## DISCUSSION

The United States holds a judgment against Defendant that has not been discharged in bankruptcy.  Thus, the United States may seek collection through the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3308, and specifically a writ of garnishment under that act.

The Final Judgment establishes Defendant's debt to the United States pursuant to 47 U.S.C. § 503(b).  The Final Judgment states that "Defendants Kevin Katz and Eric Wilson are jointly and severally liable: (a) to the United States in the amount of $5,379,000 pursuant to 47 U.S.C. § 503(b)."  ECF No. 1, p. 9.  Section 503(b) of Title 47 of the United States Code provides that a person violating that subsection "shall be liable to the United States for a forfeiture penalty."  47 U.S.C. § 503(b).  Furthermore, the Final Judgment states nothing about compensation for pecuniary loss.

Because Defendant's debt is a penalty or forfeiture payable to and for the benefit of the United States and not for compensation for actual pecuniary loss, the debt was never discharged in bankruptcy.  Debts for fines, penalties, or forfeitures are not dischargeable in bankruptcy unless they compensate the government for pecuniary loss or unless they are not payable to and for the benefit of a governmental unit.  11 U.S.C. § 523(a)(7); *see Medina v. Vander Poel*, 523 B.R. 820, 824 (E.D. Cal. 2015), appeal dismissed (May 11, 2015) ("While the Ninth Circuit has not evaluated this statute, most federal courts (including the Sixth, Third, Seventh Circuits) have taken a 'plain meaning approach' towards it.").  The nondischargeability of these debts is automatic.  11 U.S.C. § 523(a).  Thus, when Defendant received his Chapter 7 discharge, the

RESPONSE TO ERIC WILSON'S REQUEST FOR HEARING AND CLAIM FOR
EXEMPTIONS - 5

debt due to the United States based on the Final Judgment was not discharged. Defendant's debt is for a fine, penalty, or forfeiture and is payable to and for the benefit of the United States.

Furthermore, the issue of dischargeability of the debt has already been raised and decided by Magistrate Judge Dale. *See* ECF Docket Minute Entry 7. In Defendant's objection to the debtor examination held in 2011, Defendant raised the same argument. The United States responded, and Judge Dale denied Defendant's argument.

In addition to the dischargeability argument, Defendant states that he does not perform work for the garnishee, Apriori LLC.[1] That does not resolve the question whether the garnishee has any property in which Defendant holds a substantial, non-exempt interest. An answer of the garnishee will address the issue of who holds property in which Defendant may have an interest. Pursuant to 28 U.S.C. § 3204(c)(4), the garnishee must disclose whether it holds any property in which Defendant has an interest.

Lastly, as stated in 28 U.S.C. § 3202(b) and (d), a defendant may request a hearing. However, 28 U.S.C. § 3202(b) and (d) limit the issues that can be raised and addressed when a defendant requests a hearing. Those issues consist of determining the validity of an exemption and determining compliance with the statutory requirements for the issuance of the postjudgment remedy. 28 U.S.C. § 3202(d). The validity of the underlying debt may be addressed but only if the judgment is by default. 28 U.S.C. § 3202(d). Here, Defendant does not seek to determine the validity of an exemption or compliance with the statutory requirements for the issuance of the postjudgment remedy. Defendant seeks to challenge the validity of the debt, but the judgment is not a judgment by default. Therefore, a request for a hearing to dispute the Writ of

---

[1] Defendant also states that Apriori LLC is no longer in operating mode. However, according to the Idaho Secretary of State's website, Scott Harris filed an annual report for the company on January 11, 2016. See https://www.sos.idaho.gov/xt/?xp=%5C20160111%5CXMLPORTS_W82081_1601111048.xml.

RESPONSE TO ERIC WILSON'S REQUEST FOR HEARING AND CLAIM FOR
EXEMPTIONS - 6

Continuing Garnishment is not the proper method to raise the issue of whether Defendant's debt is discharged. *See* 28 U.S.C. § 3202(d).

WHEREFORE, the United States requests the Court to deny the relief sought by Defendant in his Request for Hearing and Claim for Exemptions.

DATED this 20th day of January, 2017.

                                                WENDY J. OLSON
                                                United State Attorney
                                                District of Idaho


                                                /s/ William M. Humphries
                                                WILLIAM M. HUMPHRIES
                                                Assistant United States Attorney

CERTIFICATE OF SERVICE

      The undersigned employee of the United States Attorney's Office for the District of Idaho hereby certifies that on the 20th day of January, 2016, she mailed a true and correct copy of the within and foregoing RESPONSE TO ERIC WILSON'S REQUEST FOR HEARING AND CLAIM FOR EXEMPTIONS by U.S. Mail, postage prepaid, to the following:

James H. Casello
Casello & Lincoln, Attorneys at Law
1551 N. Tustin Ave. Ste. 480
Santa Ana, CA 92705

Eric Wilson
████████████
Boise, ID  83702

                                      /s/ Jessica Black
                                      Jessica Black
                                      Legal Assistant

RESPONSE TO ERIC WILSON'S REQUEST FOR HEARING AND CLAIM FOR EXEMPTIONS - 8