UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC WILSON,<br><br>　　　　　　　　Defendant,<br><br>　　and<br><br>APRIORI, LLC.,<br><br>　　　　　　　　Garnishee. | Case No. 1:11-MC-07156-EJL<br><br>**ORDER ON CLAIM FOR EXEMPTION** |

　　Pending before the Court is Mr. Eric Wilson's claim for exemption and request for hearing. Dkt. 16.   Mr. Wilson has requested a hearing for his claim of exemption arguing the United States may not seek a garnishment as the debt to the United States was discharged in his bankruptcy proceedings and that he is no longer working for Apriori LLC as it is no longer a viable business.

　　The Court set the matter for hearing and the Government filed a response and a requested for the Court to take judicial notice of relevant pleadings contained in Dkt. 19. A hearing was held on on January 26, 2017. Neither side had evidence to present and it was determined each side would orally argue their position. After argument, the Court took the matter under advisement and is now prepared to make its ruling.

ORDER ON CLAIM FOR EXEMPTION - 1

Pursuant to Federal Rule of Evidence 201, the Court will take judicial notice of all court pleadings filed by the Government in Dkt. 19.  Mr. Wilson caries the burden to establish his claim of exemption.

The United States properly registered a foreign judgment from the United States District Court for the Southern District of California with this Court on October 7, 2011. The United States then sought a writ of continuing garnishment related to the judgment. The Court issued the writ of continuing garnishment to Apriori LLC in Boise, Idaho against the property of Eric Wilson on December 9, 2019.

Mr. Wilson filed a Request for Hearing and Claim of Exemption on January 12, 2017. Mr. Wilson's argument for an exemption is that the debt at issue was discharged in his bankruptcy proceeding so the Government can no longer seek repayment. Mr. Wilson attaches a memo from his former attorney indicating that the judgment in the civil case was a settlement of a claim for statutory damages and just because the government says the judgment is a fine, penalty or forfeiture does not make it so. No legal authority for this argument was presented in the memo or by Mr. Wilson.

The Government notes in its response the procedural background of its Final Judgment and argues as a matter of law the debt was *not* discharged in bankruptcy because the stipulated judgment pursuant to 47 U.S.C. § 503(b) is a defined as a "forfeiture penalty" by statute. Therefore, the Government argues this is the specific type of debt not

ORDER ON CLAIM FOR EXEMPTION - 2

discharged in a chapter 7 bankruptcy and Mr. Wilson was on notice of such via the second page of his discharge Order.

    Having reviewed the record in this matter and after hearing oral argument, the Court finds Mr. Wilson's claim that his debt to the United States set forth in the Final Judgment and Permanent Injunction in *People of the State of California et al., v. Fax.com, Inc., et al.*, Case No. 03CV1438 (S. Dist. Cal.) was discharged in his bankruptcy proceeding is rejected. The Court finds Mr. Wilson's former attorney's opinion on this issue is not a correct statement of the law and is not persuasive to this Court.

    The explanation of the discharge issued by the Bankruptcy Court specifically states that certain types of debts are not discharged. Merely listing a debt in a debtor's schedules does not mean it has been discharged when a general order of discharge is entered by the Bankruptcy Court. Pursuant to 11 U.S.C. § 523(a)(7), debts for "fines, penalties or forfeitures" are exceptions to discharge. Stated another way, a discharge under chapter 7 of the Bankruptcy Code does not discharge an individual debtor from any debt that falls under the exceptions listed in § 523. This is "automatic" and the Bankruptcy Court need not list every debt that is *not* being discharged in its Order of discharge. In fact, the Explanation of Bankruptcy Discharge attached to Mr. Wilson's Request for Hearing explains this as well.

ORDER ON CLAIM FOR EXEMPTION - 3

The Court notes that the Bankruptcy Code does not define the terms "fine," "penalty," or "forfeiture." Therefore, to determine whether a civil liability that was imposed in the Final Judgment at issue in this case constitutes a fine, penalty or forfeiture, the Court must examine the statutory scheme under which the liability is imposed, and the nature or function of the liability. *See Forney v. Hoseley (In re Hoseley),* 96.1 I.B.C.R. 37, 38 (Bankr.D.Idaho 1996).

In this case, the Final Judgment sets forth the debt to the United States is pursuant to 47 U.S.C. § 503(b). Section 503(b) expressly states that a person violating § 503(b) is liable to the United States for a "forfeiture penalty."   Indeed, in reviewing the pleadings from the civil action, it becomes obvious based on the nature of the litigation that the Government was seeking forfeiture. Congress, not the Court, determined the intended statutory damages under 47 U.S.C. § 503(b) are a "forfeiture" penalty and are therefore not dischargeable under Bankruptcy Code § 523(a)(7). Therefore, the Court finds Mr. Wilson's argument the Final Judgment was not a forfeiture is simply without merit.   The Court finds as a matter of law based on the language of the specific statute at issue in the civil proceedings, 47 U.S.C. § 503(b) and relevant case law cited by the Government in its response (and incorporated by reference by the Court) that the Final Judgment was not discharged in Mr. Wilson's bankruptcy case in the District of Idaho as such debt is a forfeiture penalty and the nondischargeability of a forfeiture debt is automatic under 11

**ORDER - 4**

U.S.C. § 523(a). Moreover, there is no other exemption that would prevent the United States from seeking to collect on the outstanding Final Judgment debt.

Mr. Wilson is jointly and severally liable for Final Judgment amount from the *People of the State of California et al., v. Fax.com, Inc., et al.*, Case No. 03CV1438 (S. Dist. Cal.) case and the writ of continuing garnishment is valid and enforceable. The fact that Mr. Wilson alleges Apriori LLC is no longer a viable business is not before this Court as Mr. Wilson does not have standing to represent Apriori LLC. To the extent Apriori LLC has any property of Eric Wilson, the entity must comply with this Court's writ of continuing garnishment.

Furthermore, if the United States seeks additional writs of continuing garnishments in this matter, the Court will not entertain further motions by Mr. Wilson claiming he does not owe money to the United States based on his bankruptcy discharge *In Re Wilson*, Case No. 05-00972-TLM. Simply put, Mr. Wilson's discharge did *not* discharge his debt to the United States contained in the Final Judgment and Permanent Injunction entered in *People of the State of California et al., v. Fax.com, Inc., et al.*, Case No. 03CV1438 (S. Dist. Cal.)

IT IS HEREBY ORDERED, the Motion for a Claim Exemption (Dkt. 16) is **DENIED**.

Dated: **February 03, 2017**

Honorable Edward J. Lodge
United States District Judge